1 Darren J. Devlin, Esq. [SBN 176261]
The Law Offices of Jason C. Tatman, A.P.C.
2 5677 Oberlin Drive, Suite 210
San Diego, CA 92121
3 (844) 252-6972
Fax (858) 348-4976
4 jt@nationwidereconveyance.com
Attorneys for Secured Creditor and Movant
5 U.S. Bank National Association, as Trustee for
the Holders of the SASCO 2006-BC4 Trust Fund

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Jon Erik Hajek and Terri Lynn Hajek,<br><br>        Debtors.<br>_____<br><br>U.S. Bank National Association, as Trustee for the Holders of the SASCO 2006-BC4 Trust Fund,<br><br>        Movant,<br><br>-vs-<br><br>Jon Erik Hajek and Terri Lynn Hajek, Debtors; Kimberly J. Husted, Chapter 7 Trustee,<br><br>        Respondents. | Case No: 19-21235<br><br>Chapter 7<br><br>DC No.: DJD-001<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: 04/24/19<br>Time: 10:00 a.m.<br>Ctrm: 34<br>Dept: D<br><br>*The courtroom of the Honorable Robert S. Bardwil* |

      Secured Creditor and Moving Party U.S. Bank National Association, as Trustee for the Holders of the SASCO 2006-BC4 Trust Fund ("Creditor"), respectfully submits its Motion for Relief from Automatic Stay to enforce its lien upon the personal property of Debtors Jon Erik Hajek and Terri Lynn Hajek ("Debtors").

1. On February 28, 2019, Debtors filed a voluntary Chapter 7 petition.

2. Kimberly J. Husted is the duly qualified and acting Chapter 7 Trustee.

3. On June 21, 2006, Debtor Jon Erik Hajek ("Borrower"), for valuable consideration, made, executed, and delivered to Countrywide Home Loans, Inc. ("Countrywide), a written Interest Only Fixed Rate Note ("Note"). Pursuant to the terms of the Note, Borrower promised to repay the amount of $589,000.00 at an annual interest rate of 7.375% in three hundred and sixty (360) monthly payments commencing on August 1, 2006, and continuing thereafter until July 1, 2036, at which time all amounts due and owing under the Note are to be paid in full.

4. As security for the Note and as part of the same transaction, Debtors made, executed, and delivered to Countrywide a Deed of Trust granting Countrywide beneficial interest in the real property commonly known as 927 Sterling Circle, Folsom, CA 95630-7502 ("Property"). The Deed of Trust was duly recorded in the County Recorder's Office of Sacramento County, California. The Note and Deed of Trust have been duly assigned to Creditor.

5. Debtors have defaulted in the payments due under the Note and Deed of Trust by failing to make the monthly payment due January 1, 2017, and all payments due thereafter. Arrears now exist in the amount of $108,914.77 representing twenty-seven (27) payments, fees, and costs. An additional payment is due on April 1, 2019, in the amount of $4,213.97.

6. The total amount due and owing to Creditor on the Note as of March 11, 2019, is $645,166.95.

7. Creditor is informed and believes and thereon alleges that per Debtors' Schedules and Statements filed in this case, the fair market value of the Property is $678.411.00.

9. Creditor is informed and believe and thereon alleges that after deducting eight percent (8%) for costs of sale, Debtors have no equity in the Property.

## AUTHORITY

Creditor seeks relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1) for cause and 11 U.S.C. Section 362(d)(2) for lack of equity.

I. <u>Cause—11 U.S.C. Section 362(d)(1)</u>

Cause exists to grant relief from stay pursuant to 11 U.S.C. Section 362(d)(1) because Debtors are delinquent in payments to Creditor and Debtors has no equity in the Property after costs of sale and Creditor's interest in the Property is therefore not adequately protected. 11 U.S.C. Section 362(d) states: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest; **(2)** with respect to a stay of an act against property under subsection (a) of this section, if— **(A)** the debtor does not have an equity in such property; and **(B)** such property is not necessary to an effective reorganization;…."

II.  Lack of Equity—11 U.S.C. Section 362(d)(2)

As further grounds for relief from the automatic stay, pursuant to 11 U.S.C. Section 362(d)(2), Creditor submits that Debtors have no equity in the Property as the amount due and owing under the Note exceeds the fair market value of the Property, after costs of sale.

WHEREFORE, Creditor prays that the automatic stay be modified as follows:

A.  For an Order granting Creditor immediate relief from the automatic stay to take any and all actions, including, but not limited to, foreclosure and sale, to enforce its lien on the real property commonly known as 927 Sterling Circle, Folsom, CA 95630;

B.  That the requirements of Bankruptcy Rule 4001(a)(3), be waived; and

C.  That Creditor have such other and further relief as the Court may deem just and proper.

Dated: March 20, 2019                           Respectfully submitted,

*/s/Darren J. Devlin*_____
Darren J. Devlin, Esq.
Attorney for Secured Creditor and Movant
U.S. Bank National Association, as Trustee for the Holders of the SASCO 2006-BC4 Trust Fund